IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-163-F

| | |
|---|---|
| SUSAN S. ROSS,  ) | |
| ) | |
| Plaintiff/Claimant,  ) | |
| ) | |
| ) | **MEMORANDUM AND** |
| v.  ) | **RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN, Acting  ) | |
| Commissioner of Social Security,  ) | |
| ) | |
| Defendant.  ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings [DE-21, -26] pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Claimant Susan S. Ross ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of her application for a period of disability and Disability Insurance Benefits ("DIB"). Claimant filed a response to Defendant's motion [DE-29], and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, it is recommended that Claimant's Motion for Judgment on the Pleadings be allowed, Defendant's Motion for Judgment on the Pleadings be denied, and the case be remanded for further proceedings.

## I. STATEMENT OF THE CASE

Claimant protectively filed an application for a period of disability and DIB on December 15, 2005, alleging disability beginning October 12, 2004. (R. 409-13). The claim was denied initially and upon reconsideration. (R. 155-56). A hearing before Administrative Law Judge ("ALJ") Edward T. Morriss was held on September 10, 2008, and on October 30, 2008, the ALJ

issued a decision denying Claimant's request for benefits. (R. 157-70). On July 23, 2010, the Appeals Council remanded the claim for further administrative proceedings. (R. 171-73). A second administrative hearing before ALJ Morriss was held on June 2, 2011, and a supplemental hearing was held on October 13, 2011 in order to obtain testimony from a Medical Expert ("ME"). (R. 78-154). On November 10, 2011, the ALJ issued a decision denying Claimant's request for benefits. (R. 174-96). On June 25, 2013, the Appeals Council again remanded the claim for further administrative proceedings and directed reassignment to a new ALJ. (R. 197-201). On January 28, 2014, a hearing was held before ALJ Richard L. Vogel at which Claimant, represented by counsel, and a vocational expert ("VE") appeared and testified. (R. 46-77). On February 28, 2014, the ALJ issued a decision denying Claimant's request for benefits. (R. 18-45). The Appeals Council denied Claimant's request for review. (R. 1-7). Claimant then commenced the instant action, seeking judicial review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . .

2

. and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

### III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. § 404.1520 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. § 404.1520a(b)-(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from

3

a claimant's mental impairment(s): activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *Id.* § 404.1520a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* § 404.1520a(e)(3).

## IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant had not engaged in substantial gainful activity for the period from her alleged onset date through her date last insured ("DLI") of December 31, 2009. (R. 23). Next, the ALJ determined Claimant had the severe impairments of fibromyalgia, chronic obstructive pulmonary disease, diabetes mellitus, and bipolar disorder. (R. 24). However, at step three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 24-25).

Prior to proceeding to step four, the ALJ assessed Claimant's residual functional capacity ("RFC") finding Claimant has the ability to perform sedentary work[1] with the following limitations: no climbing, crouching, and balancing; no exposure to hazards or in concentrated exposure to lung irritants; and low stress work with no more than occasional decision making or changes in the work setting and with no interactions with the general public. (R. 25-31). In making this assessment, the

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a); S.S.R. 96-9p, 1996 WL 374185, at *3 (July 2, 1996). "Occasionally" generally totals no more than about 2 hours of an 8-hour workday. "Sitting" generally totals about 6 hours of an 8-hour workday. S.S.R. 96-9p, 1996 WL 374185, at *3. A full range of sedentary work includes all or substantially all of the approximately 200 unskilled sedentary occupations administratively noticed in 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1. *Id.*

4

ALJ found Claimant's statements about her limitations not entirely credible. (R. 29). At step four, the ALJ concluded Claimant was unable to perform her past relevant work. (R. 31). Nevertheless, at step five, upon considering Claimant's age, education, work experience and RFC, the ALJ determined Claimant is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (R. 32-33).

Claimant contends that remand is warranted based on new and material evidence, and that the ALJ erred by (1) failing to consider whether Claimant's irritable bowel syndrome ("IBS") was a severe impairment, (2) finding Claimant's impairments do not equal Listing 12.04, (3) finding Claimant is capable of a limited range of sedentary exertion work, and (4) finding the VE's testimony supported the ALJ's step five conclusion that Claimant was capable of other work. Pl.'s Mem. [DE-22] at 14-25.

## V. DISCUSSION

### A. New and Material Evidence

The Appeals Council must consider evidence submitted by a claimant with his or her request for review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991), *superseded on other grounds by* 20 C.F.R. § 404.1527; 20 C.F.R. § 404.976(b)(1) ("The Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision."). The court may remand a case pursuant to sentence six of 42 U.S.C. § 405(g) "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the

5

record in a prior proceeding." 42 U.S.C. § 405(g). Evidence is new if it is not duplicative or cumulative, and material if there is a "reasonable possibility that the new evidence would have changed the outcome of the case." *Wilkins*, 953 F.2d at 96; *see also Nance v. Astrue*, No. 7:10-CV-218-FL, 2011 WL 4899754, at *4 (E.D.N.C. Sept. 20, 2011) (unpublished) (explaining that at this stage, Claimant bears the burden of demonstrating that additional evidence is new, material, and relates to the time period before the ALJ's decision) (citations omitted), *adopted by* 2011 WL 4888868 (E.D.N.C. Oct. 13, 2011). "[T]he Appeals Council must consider new and material evidence relating to that period prior to the ALJ decision in determining whether to grant review, even though it may ultimately decline review." *Wilkins*, 953 F.2d at 95. The Appeals Council need not, however, review or consider new evidence that relates only to a time period after the ALJ issues her decision. *See* 20 C.F.R. § 404.976(b)(1) (stating that, on review, "[i]f [a claimant] submit[s] evidence which does not relate to the period on or before the date of the [ALJ] hearing decision, the Appeals Council will return the additional evidence to [the claimant] with an explanation as to why it did not accept the additional evidence and will advise [the claimant] of [his/her] right to file a new application."). Additionally, the Appeals Council need not explain its reason for denying review of an ALJ's decision. *Meyer v. Astrue*, 662 F. 3d 700, 702 (4th Cir. 2011).

Claimant contends the 2009 treatment notes from Dr. Moreci, her treating physician, constitute new and material evidence requiring remand pursuant to sentence six of section 405(g). Pl.'s Mem. [DE-22] at 14-16. The ALJ discounted Dr. Moreci's opinions in part because there were no treatments notes from Dr. Moreci during the relevant period to support his opinions. (R. 30). Claimant's 2009 treatment notes from Dr. Moreci were in an outside storage facility, which caused delay in obtaining the records. Pl.'s Mem. [DE-22] at 14. Claimant submitted the records to the

6

Appeals Council (R. 592-595), but the decision of the Appeals Council makes no mention of them and only addresses additional treatment notes from 2014-2015 (R. 2), that were submitted separately from the earlier treatment notes (R. 596-97). Defendant contends the 2009 treatment notes are neither new nor material but rather are cumulative because the ALJ considered treatment notes from numerous other providers that cover "some of the same issues" discussed in Dr. Moreci's notes. Def.'s Mem. [DE-27] at 5-6. Defendant does specify what those same issues are and does not challenge that the evidence relates to the period on or before the ALJ's decision or that there was good cause for failure to incorporate the evidence into the record earlier. *Id.* Having considered the newly-submitted evidence in light of the ALJ's decision, the undersigned agrees with Claimant that the evidence is new and material and requires remand pursuant to sentence six.

The treatment notes at issue here are unique in that they relate to the time period in the final months prior to Claimant's DLI, are from Claimant's primary care physician, and address areas the ALJ specifically found lacking. For example, the ALJ acknowledged Claimant's diagnosis of fibromyalgia in 2000, but stated she had no regular follow-up for this condition. (R. 29). However, Dr. Moreci's 2009 treatment notes indicate he was actively treating Claimant's fibromyalgia during the relevant period. Pl.'s Mem. [DE-22-1] at 23, 25, 31, 40. Additionally, the ALJ gave Dr. Moreci's opinions little weight because there were no treatment notes during the relevant period to support his opinion. (R. 30). Pursuant to the regulations, where a "treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record," it is given controlling weight. 20 C.F.R. § 404.1527(c)(2). Therefore, a treating source's treatment notes have special significance under the regulations and are important

7

here where the absence of such notes was a material factor in the weight afforded the treating physician's in the ALJ's decision. *See Hill v. Colvin*, No. 5:14-CV-582-FL, 2015 WL 7432355, at *3 (E.D.N.C. Nov. 20, 2015) (unpublished) (finding opinion and treatment notes of a specialist who examined the claimant on numerous occasions to be new and material evidence because they (1) contained "new assessments of plaintiff's capacities not previously addressed by [the specialist], and does so on the basis of his own examination of plaintiff" and (2) there was a "reasonable possibility that the ALJ may have found plaintiff was disabled based upon this evidence") (citing *Wilkins*, 953 F.2d at 96). Accordingly, the evidence here is not cumulative of other evidence in the record and is new and material.

Furthermore, although the ALJ provided other reasons for discounting Dr. Moreci's opinion (R. 30), they appear to be secondary to the lack of treatment notes and are undermined by the content of the treatment notes. For instance, the ALJ found unclear whether Dr. Moreci was referring only to Claimant's condition during the relevant period or for the period post-DLI. *Id.* However, the treatment notes document specifically what Dr. Moreci was treating Claimant for during the relevant period and provide support for Dr. Moreci's statement in his opinion that Claimant's physical and mental health problems "have all been present and active since at least her initial presentation," which was during the relevant period. (R. 1109); Pl.'s Mem. [DE-22-1] 15-40. Additionally, while the ALJ noted Dr. Moreci did not begin treating Claimant until "shortly before" the expiration of her DLI (R. 30), the treatment notes document Dr. Moreci's regular treatment of Claimant over the final nine months of the relevant period, which would not have been apparent to the ALJ without the treatment notes. Finally, while the ALJ found Dr. Moreci's opinion inconsistent with other evidence demonstrating normal strength, tone, bulk, and gait (R. 30), as explained above, the treatment notes

indicate Dr. Moreci was treating actively Claimant's fibromyalgia. Pl.'s Mem. [DE-22-1] at 23, 25, 31, 40. This court has recognized that "objective tests are of little relevance in determining [fibromyalgia's] existence or severity." *See McGlothlen v. Astrue*, No. 7:11-CV-148-RJ, 2012 WL 3647411, at *9 (E.D.N.C. Aug. 23, 2012) (unpublished) (citing *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996) (stating "of greatest importance to disability law, [fibromyalgia's] symptoms are entirely subjective"); *Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 820 (6th Cir. 1988) (explaining fibromyalgia patients generally "manifest normal muscle strength and neurological reactions and have a full range of motion")). Thus, Dr. Moreci's treatment notes provide clarification regarding a perceived inconsistency noted by the ALJ as justification for discounting Dr. Moreci's opinion.

Neither the ALJ nor the Appeals Council had the benefit of Dr. Moreci's treatment notes from the relevant period, which were both new and material. Under similar circumstances, the Fourth Circuit determined remand was necessary to allow a fact finder to assess the evidence in the first instance. In *Meyer v. Astrue*, the court found new evidence from a treating physician required remand for further fact finding where the record was not so one-sided as to allow for judicial review. 662 F.3d at 707. The court explained,

> On consideration of the record as a whole, we simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here. The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting that this evidentiary gap played a role in its decision. Meyer subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence. The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of

9

competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding.

*Id.* Here, Dr. Moreci's opinion detailing how the combination of Claimant's physical and mental impairments severely limit her functional ability corroborates the opinion of the ME, Dr. Strahl, which the ALJ rejected. (R. 31, 82-101, 1109-10). However, albeit without the benefit of Dr. Moreci's treatment notes, the ALJ cited other evidence in the record he believed contradicted Dr. Moreci's opinion. (R. 26-31). Thus, the impact of Dr. Moreci's treatment notes on the weight afforded his opinion cannot be made in the first instance by the court and remand is appropriate. *Meyer*, 662 F.3d at 707.

In sum, Claimant has demonstrated that Dr. Moreci's previously unconsidered treatment notes are new, material, and temporally relevant and that there was good cause for the failure to incorporate them into the record previously where Claimant was diligent in obtaining the records, they were submitted to the Appeals Council upon receipt, and there is no indication in the Appeals Council's decision regarding whether they were considered or not. Accordingly, it is recommended that the case be remanded to the ALJ to consider the import of Dr. Moreci's treatment notes.

The issues raised in Claimant's remaining assertions of error—the ALJ's failure to consider whether Claimant's IBS was a severe impairment, finding Claimant's impairments do not equal Listing 12.04, finding Claimant is capable of a limited range of sedentary exertion work, and finding the VE's testimony supported the ALJ's step five conclusion that Claimant was capable of other work—may all be impacted by the ALJ's consideration of Dr. Moreci's treatment notes. For example, the new evidence documents Claimant's gastrointestinal problems, including IBS, associated with nausea and vomiting, which the ALJ did not address either at step 3 or in the RFC

10

Case 7:15-cv-00163-F   Document 30   Filed 07/27/16   Page 10 of 12

analysis. Pl.'s Mem. [DE-22-1] at 28, 31, 40. Further, as noted above, Dr. Moreci's opinion corroborates the ME's opinion that Claimant's impairments equal Listing 12.04 and, thus, consideration of Dr. Moreci's treatment notes may impact the listing analysis. Finally, consideration of opinion evidence, particularly that of a treating physician, is integral to the RFC analysis, 20 C.F.R. § 404.1545(a)(3), and, resultingly, to the limitations imposed in the hypothetical to the VE and the step five analysis. Accordingly, it is recommended that these issues receive further consideration on remand in light of the new and material evidence.

## VI. CONCLUSION

For the reasons stated above, it is RECOMMENDED that Claimant's Motion for Judgment on the Pleadings [DE-21] be ALLOWED, Defendant's Motion for Judgment on the Pleadings [DE-26] be DENIED, and the case be remanded for further proceedings.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **August 10, 2016** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation**

by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SUBMITTED, this the 27th day of July 2016.

Robert B. Jones, Jr.
United States Magistrate Judge